No. 00-188

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 350N

IN RE THE MARRIAGE OF

CHARLES L. PARKS,

Petitioner and Appellant,

and

JANET L. PARKS,

Respondent and Respondent.

APPEAL FROM: District Court of the Sixteenth Judicial District,

In and for the County of Carter,

The Honorable Gary L. Day, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Jeffery A. Simkovic; Simkovic & Murray, Billings, Montana

For Respondent:

Albert R. Batterman, Attorney at Law, Glendive, Montana

Submitted on Briefs: July 20, 2000

Decided: December 21, 2000

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Charles L. Parks (Charles) appeals from certain valuations of property in this dissolution of marriage entered by the Sixteenth Judicial District Court, Carter County. We affirm and remand for a determination of the amount of attorney fees to be awarded to Janet L. Parks (Janet) for this appeal.

¶3 Charles argues that by overvaluing marital property awarded to him--a log home and capital credits from Southeast Electric and Mid-Rivers Telephone Cooperatives--and by failing to recognize as a marital debt a sum owed to the Farm Credit Services for which he takes responsibility, the District Court has arrived at an inequitable distribution of the marital property. We have reviewed the record, which supports the court's valuations of these items.

¶4 Moreover, Rule 1, M.R.App.P., provides that an *aggrieved* party may appeal from a judgment or order. Regardless of the valuations assigned, the distribution of the above property as ordered by the District Court matches the distribution Charles advocated in his proposed findings, conclusions, and decree of dissolution submitted to the court. Nor does Charles argue that the distribution of the marital estate should be otherwise modified as a result of the property and debt valuations assigned by the District Court to which he objects on appeal. We conclude that Charles has not established that he is an aggrieved party with a right to appeal from the judgment entered by the District Court. *See Branstetter v. Beaumont Supper Club, Inc.* (1986), 224 Mont. 20, 727 P.2d 933 (a party is not aggrieved if the district court has ruled in that party's favor).

¶5 Under Rule 32, M.R.App.P., damages may be assessed for an appeal taken without substantial or reasonable grounds. Janet has requested an award of her reasonable attorney fees incurred in this appeal. On this record, we conclude that such an award is proper. We remand this case to the District Court for a determination of the amount of such fees to be awarded to Janet.

¶6 Affirmed and remanded.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER